IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

BURNICE POWELL and SUSAN LACAZE                                          PLAINTIFFS

VS.                                       Case No. 09-CV-4025

STATE FARM FIRE & CASUALTY INSURANCE COMPANY                  DEFENDANT

## ORDER

Before this Court is a Motion to Remand filed by Plaintiffs Burnice Powell and Susan Lacaze. (Doc. 6). Defendant State Farm Fire & Casualty Insurance Company has responded. (Doc. 9). Plaintiff filed a Reply to Response of Defendant's opposition for remand. (Doc. 11). The Court finds this matter ripe for consideration.

## BACKGROUND

Plaintiffs, residents of Hempstead County, Arkansas, bought a dwelling fire insurance policy from Defendant, a foreign corporation. On February 16, 2006, a fire ignited in Plaintiffs' mobile home, which was covered under the dwelling fire insurance policy. The mobile home and all the contents located inside the home were destroyed. Plaintiffs filed a notice to the Defendant and asked for compensation under their dwelling fire insurance policy. The Defendant denied coverage under the policy. As a result of this denial, Plaintiff filed a civil action against the Defendant in the Circuit Court of Hempstead County, Arkansas. In their complaint, Plaintiffs ask for compensatory damages, a twelve percent penalty, and reasonable attorney fees pursuant to Ark. Code Ann. § 23-79-208. The Defendant removed the case to this Court pursuant to 28 U.S.C. § 1332(a). The Plaintiffs now argue that removal was not proper,

because the amount in controversy does not exceed the minimum threshold of $75,000; therefore, the Plaintiffs seek remand of this case back to the Circuit Court of Homestead County.

## DISCUSSION

In general, a defendant may remove any state court case to federal court if that court could have exercised jurisdiction. *See Kohl v. Am. Home Prod. Corp.*, 78 F. Supp. 2d 885, 888 (W.D. Ark. 1999). If the case is predicated on state law, then jurisdiction in federal court may only be exercised if there exists complete diversity between the parties and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332. The defendant who seeks removal carries the burden of proving the existence of jurisdiction. *See McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135 (1936); *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97, 42 S.Ct. 35, 66 L.Ed. 144 (1921).

When there is a question as to whether or not the amount in controversy exceeds $75,000, the defendant who removed the case has the burden of establishing by a preponderance of the evidence that the amount will exceed the threshold limit. *See James Neff Kramper Family Farm Partnership v. IBP, Inc.*, 393 F.3d 828, 831 (8th Cir. 2005). The Eighth Circuit has held that, "[t]he jurisdictional fact . . . is not whether the damages are greater than the requisite amount, but whether a fact finder might legally conclude they are." *Id*. at 833 (citing *Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002)). The amount in controversy is judged at the time jurisdiction is challenged and based on the information that has been presented to the court at that time. *See id*.

In the present case, there exists complete diversity between the parties. Plaintiffs bring this cause of action pursuant to Ark. Code Ann. § 23-79-208, which allows a party to recover general and specific damages, reasonable attorney fees, and a twelve percent penalty against an

insurer who fails to properly pay a claim. A court may consider the twelve percent penalty and reasonable attorney fees in its determination of whether or not the amount in controversy threshold has been met. *See Toller v. Sagamore Ins. Co.*, 514 F. Supp. 2d 1111, 1115 (E.D. Ark. 2007). The issue in this case is whether the reasonable attorney fees will satisfy the jurisdictional threshold.[1] Under Arkansas law, a court will look at eight factors to determine if the attorney fees are reasonable. *See All-Wayd Logistics, Inc. v. USA Truck, Inc.*, 583 F.3d 511, 520 (8th Cir. 2009). The factors are: 1) the experience and ability of the attorney; 2) the time and labor required to perform the service properly; 3) the amount in controversy and the results obtained in the case; 4) novelty or difficulty of the issues involved; 5) the fee customarily charged for similar services in the local area; 6) whether the fee is fixed or contingent; 7) the time limitations imposed upon the client in the circumstances; and, 8) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the attorney. *Id.* at 520-21; *Running M Farms, Inc. v. Farm Bureau Mutual Ins. Co. of Arkansas, Inc.*, 265 S.W.3d 740, 743 (Ark. 2007).

The argument in this case is about the value of the Plaintiffs' attorney fees. The Defendant argues that Plaintiffs will be entitled to a one-third contingency fee recovery and that this fee will push the amount in controversy over the jurisdictional threshold. In response, Plaintiffs argue that this is a simple and straight forward case that will require little of their attorney's time and effort. Plaintiffs also have agreed to cap their damages at $75,000.

---

[1] The Plaintiffs have prayed for relief in the amount of $23,900 for the cost of their trailer, $28,500 for the loss of the contents in the trailer, $1,203.76 for out of pocket expenses, $500 for clean up expenses, and the twelve percent penalty valued at $6,288. Thus, Plaintiffs total claim is $60,391.76, not including reasonable attorney fees.

Therefore, taking into account the eight factors used by the Eighth Circuit, this Court finds that the Defendant has failed to meets its burden of proof, that the attorney fees will push the amount in controversy over the threshold limit.  Even though a contingency fee award could be given in this case, the Plaintiffs have agreed to cap their total damages at $75,000.  Therefore, including attorney fees, the amount in controversy will not exceed the jurisdictional amount for this Court to exercise jurisdiction over the case.

Based upon the above stated reasons, the Court finds that the Plaintiffs Motion to Remain should be and hereby is **GRANTED**.  This matter is hereby **REMANDED** to the Circuit Court of Hempstead County, Arkansas, for proper adjudication.

IT IS SO ORDERED, this 17th day of November, 2009

/s/ Harry F. Barnes
Hon. Harry F. Barnes
United States District Judge