IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION


BERNICE POWELL and
SUSAN LACAZE                                                                              PLAINTIFFS


V.                                    CASE NO. 09-CV-4025


STATE FARM FIRE AND CASUALTY
INSURANCE COMPANY                                                                        DEFENDANT


**ORDER**

Before the Court is Defendant State Farm Fire & Casualty Insurance Company's Motion for Reconsideration of Court's Order granting Plaintiffs' Motion to Remand. (Doc. 16). Accordingly, the Plaintiffs have not responded to the motion and the time to respond has expired. The Court finds the matter ripe for consideration.

**DISCUSSION**

On November 17, 2009, the Court entered an order remanding the present case back to the Circuit Court of Hempstead County, Arkansas. The order was entered in favor of Plaintiffs because they agreed to cap any damage award at $75,000, thus the jurisdictional requirement for diversity jurisdiction was not met. Now before the Court is Defendant's Motion for Reconsideration of its order directing that the case be remanded back to the Circuit Court of Hempstead County.

Defendant argues that they have met the burden of proof that Plaintiffs' claims will be above the jurisdictional requirement for diversity jurisdiction. When a party is seeking to invoke diversity jurisdiction they must prove by a preponderance of the evidence that the amount of

damages will exceed the jurisdictional threshold of $75,000. *See Bell v. Hershey Co.*, 557 F.3d 953, 956 (8th Cir. 2009) (holding that the preponderance of the evidence standard applies whether the complaint is silent on the amount of damages or if the complaint states an amount below the jurisdictional requirement). Defendant argues that Plaintiffs' statement that they would cap damages so that they would not exceed the jurisdictional limit was insufficient to defeat removal jurisdiction. Defendant argues that the Court should have looked at the record at the time of removal and that subsequent modification of pleadings to reduce damages are insufficient to defeat its removal. *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289-90 (1938); *Hatridge v. Aetna Cas. & Surety Co.*, 415 F.2d 809, 814 (8th Cir. 1969). Arkansas law allows consideration of the twelve-percent penalty and the attorney's fee to be calculated into the possible judgment to determine whether or not the jurisdictional amount is met. *See* Ark. Code Ann. § 23-79-208; *Toller v. Sagamore Ins. Co.*, 514 F. Supp.2d 1111, 1115 (E.D. Ark. 2007). Here, Plaintiffs are seeking $23,900 for structural damage, $28,500 for loss of contents, and a twelve-percent penalty for the amount of $6,288. They are also seeking amounts to cover out-of-pocket expenses, clean-up expenses, and the additional monthly mortgage payments that Plaintiffs had to continue to make after their mobile-home was destroyed. Defendant argues that a normal attorney's fee for such a case is an award of one-third the amount of recovery, which Defendant argues will equal $17,467. *See generally MFA Mut. Ins. Co. v. Keller*, 623 S.W.2d 841 (Ark. 1981). Taken together these amounts would place the damages above the jurisdictional threshold, thereby allowing the cause of action to be removed to federal court.

The Court finds Defendant's arguments persuasive. The United States Supreme Court

has held that events that take place subsequent to the filing of the complaint which have the effect of reducing the amount of damages below the jurisdictional threshold will not serve to defeat jurisdiction. *See Red Cab*, 303 U.S. at 289-90 (holding that "the plaintiff after removal, by stipulation, by affidavit, or by amendment of his pleadings, reduces the claim below the requisite amount, this does not deprive the district court of jurisdiction."). The Eighth Circuit has supported this ruling by holding that "the plaintiff's post-removal voluntary reduction of his claim to less than the jurisdictional amount, does not defeat federal jurisdiction acquired through removal." *Hatridge*, 415 F.2d at 814. Therefore, Defendant must establish by a preponderance of the evidence that Plaintiffs' complaint at the time of removal will allow the amount of damages to exceed the jurisdictional threshold. *See Bell*, 557 F.3d at 956.

Defendant has provided, with relative certainty, the amount of damages that Plaintiffs are seeking in their cause of action. Defendant has shown that structural damage and loss of content damages will total $52, 400, which will entitle the Plaintiffs to a reasonable attorney fee of one-third that amount equaling $17, 467. *See Keller*, 623 S.W.2d at 842. Since Arkansas law allows for the statutory penalty and attorney's fee to be included in calculating the amount of damages, and that there are also fees yet to be determined relating to clean up and out-of-pocket expenses, it seems that Defendant has met its burden of proof and has shown that the amount of damages will exceed the jurisdictional threshold. Therefore, the Court finds that Defendant's Motion to Reconsider should be and hereby is **GRANTED**, and that Plaintiffs' Motion to Remand is hereby **DENIED**.

IT IS SO ORDERED, this 27th day of January, 2010.

                                                            /s/ Harry F. Barnes  
                                                            Hon. Harry F. Barnes  
                                                            United States District Judge